# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| THE MAGNOLIA HEALTH SYSTEMS EMPLOYEE GROUP BENEFIT PLAN, a/k/a/ THE MAGNOLIA HEALTH SYSTEMS PLAN, BY ITS COURT-APPOINTED INTERIM INDEPENDENT FIDUCIARY, RECEIVERSHIP MANAGEMENT, INC. | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Case No. 23-cv-04089-TC-ADM ) |
| MAGNOLIA HEALTH SYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This case arises from the U.S. Secretary of Labor's ("the Secretary") investigation into whether Medova Healthcare Financial Group, LLC, a third-party administrator of employer-sponsored healthcare plans, and its principals (together, "Medova") violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). In December 2020, the Secretary brought suit against Medova in a case captioned *U.S. Department of Labor v. Whitney*, No. 20-2624-TC-ADM, alleging that Medova mismanaged plan assets. In March 2021, the court appointed Receivership Management, Inc. ("RMI") as the independent fiduciary to act on behalf of plans that Medova had administered.

On October 9, 2023, RMI brought this case on behalf of The Magnolia Health Systems Employee Group Benefit Plan ("The Magnolia Plan"), an ERISA-governed, employee-health-benefit plan sponsored by defendant Magnolia Health Systems, Inc. ("Magnolia") and administered by Medova. The Magnolia Plan asserted claims for breach of ERISA fiduciary duties (or, in the alternative, knowingly participating in a violation of ERISA) and breach of contract.

(ECF 1.) At the parties' request, the court stayed discovery and scheduling pending the court's ruling on early dispositive motions. (ECF 31.) That stay remains in place.

On June 7, 2024, the court issued an order in *Whitney* that terminated RMI's fiduciary appointment, effective August 31. Thus, RMI's authority to act on The Magnolia Plan's behalf has ended. That power reverted back to the named plan administrator, Magnolia. In other words, defendant now controls plaintiff. On September 10, 2024, Magnolia filed a motion to dismiss this action in which it asserts that RMI no longer has standing to prosecute this case. (ECF 40.) Not surprisingly, The Magnolia Plan did not respond to the motion to dismiss.

RMI's counsel have moved to withdraw their appearances for The Magnolia Plan, given RMI's termination. (ECF 39.) On September 12, the court entered an order noting that The Magnolia Plan cannot proceed in this action pro se, *see, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 666 (9th Cir. 2008) (holding that claims on behalf of ERISA plans may only be brought by plaintiffs represented by counsel), and setting an October 2 deadline for The Magnolia Plan "to engage replacement counsel or show cause why the case should not be dismissed." (ECF 41.) The deadline has passed and replacement counsel has not appeared for The Magnolia Plan, nor has The Magnolia Plan responded to the order to show cause.[1]

It appears that The Magnolia Plan, which is now controlled by the defendant, has intentionally stopped prosecuting this action. The Magnolia Plan has not responded to the motion to dismiss or to the order to show cause. Moreover, The Magnolia Plan has not engaged replacement counsel since RMI's appointment ended, and it may not proceed without counsel.

---

[1] RMI's counsel filed a "Statement of No Position," again noting that RMI no longer has authority to act for The Magnolia Plan. (ECF 42.)

The court therefore recommends that the district judge dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Pursuant to 28 U.S.C.§ 636(b)(1) and Federal Rule of Civil Procedure 72, The Magnolia Plan has fourteen days after service of a copy of this Report and Recommendation to file any written objections.  A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

Dated October 10, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
